## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2019, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua G. Villanueva-Rose, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 12, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2413 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable Jane Woodward <br> Miller, Judge <br><br> Trial Court Cause No. <br> 71D01-1803-F3-21 |

**Bailey, Judge.**

# Case Summary

[1] Joshua Villanueva-Rose ("Villanueva-Rose") pled guilty to one count each of Attempted Armed Robbery[1] and Armed Robbery, as Level 3 felonies, and Carrying a Handgun Without a License, as a Level 5 felony.[2] He challenges his twenty-three-year aggregate sentence as inappropriate. We affirm.

# Facts and Procedural History

[2] On March 26, 2018, Villanueva-Rose and another man approached Rachel Osenkarski ("Osenkarski") while she was sitting in her vehicle in a Walmart parking lot. Villanueva-Rose asked for a cigarette; when Osenkarski attempted to roll up her window, the second man, who was armed with a handgun, jumped into the vehicle and demanded Osenkarski's purse. She surrendered the purse and the men fled to a waiting vehicle.

[3] Shortly thereafter, in a nearby parking lot, April Wieringa ("Wieringa") was sitting in her vehicle with her mother and three-year-old child. Wieringa was attempting to activate her new cell phone when Villanueva-Rose approached her. He first asked to use the phone and then asked for a lighter. Wieringa replied that she was still setting up her phone and she did not smoke. Villanueva-Rose then shot Wieringa in the chest and demanded that she give

---

[1] Ind. Code §§ 35-42-5-1, 35-41-5-1.

[2] I.C. § 35-47-2-1. The offense was elevated due to Villanueva-Rose's status as a felon.

him "all her shit." (App. Vol. II, pg. 10.) Wieringa responded that Villanueva-Rose "wasn't getting anything." *Id.* She opened her car door and Villanueva-Rose ran away.

[4] Villanueva-Rose was apprehended by police and admitted his involvement in the incidents. He was charged with Armed Robbery, Attempted Armed Robbery, Battery with a Deadly Weapon, and Carrying a Handgun without a License. On August 21, 2018, he entered pleas of guilty to each charged offense. On September 19, 2018, the trial court declined to enter a judgment of conviction on the battery count, due to double jeopardy concerns. The court entered judgments of conviction on the remaining counts and sentenced Villanueva-Rose to an aggregate sentence of twenty-three years (fourteen years for Attempted Armed Robbery, consecutive to nine years for Armed Robbery, and concurrent to a one-year sentence for the handgun offense). Villanueva-Rose now appeals.

# Discussion and Decision

[5] Pursuant to Indiana Code Section 35-50-2-5, the sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine years. Pursuant to Indiana Code Section 35-50-2-6, the sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. Villanueva-Rose argues that his aggregate twenty-three-year sentence is inappropriate in light of his guilty plea, substance abuse issues, and difficult childhood.

[6]     We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). Here, the trial court recognized as aggravators the circumstances of the Attempted Robbery (serious injury to the victim and commission in the presence of a child) and that Villanueva-Rose was on probation when he committed the instant offenses. In mitigation, the trial court considered Villanueva-Rose's decision to plead guilty and his difficult childhood.

[7]     Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the

defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] As to the nature of the offenses, Villanueva-Rose armed himself with a handgun and approached women in parking lots with the intent of taking their property. On the day of the crimes, Villanueva-Rose had ingested cocaine, heroin, marijuana, and a half bottle of vodka. He shot one of the women in the chest and did so in front of her mother and her small child. At the sentencing hearing, Wieringa testified that she had been so severely injured that she could not hug her children for almost a month. She further described having persistent anxiety and flashbacks and observed that her child and mother had exhibited signs of mental trauma from witnessing the shooting. In short, the circumstances and effects of the crime were heinous.

[9] As to Villanueva-Rose's character, the decision to plead guilty indicates some acceptance of responsibility for his actions. However, he was on probation when he committed the instant offenses, having been convicted of Strangulation and Domestic Battery. In sum, Villanueva-Rose has failed to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.

# Conclusion

[10] Villanueva-Rose's twenty-three-year sentence is not inappropriate.

Affirmed.

Riley, J., and Pyle, J., concur.